IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DONN MOUW, an individual,

Plaintiff,

v.

APPLIED PRODUCTS INC.,
a Minnesota corporation; and
DOES 1 through 50, inclusive,

Defendants.

No. C 10-05397 WHA

**ORDER GRANTING
MOTION TO TRANSFER
AND VACATING HEARING**

## INTRODUCTION

In this breach-of-contract dispute, this order grants defendant's motion to transfer venue to the United States District Court for the District of Minnesota.

## STATEMENT

In March 2009, the parties made a deal: plaintiff Donn Mouw sold a portion of his company, Innovative Adhesive Solutions, Inc., to defendant Applied Products, Inc. The details of what assets Mouw promised to transfer to Applied Products and under what circumstances he promised to do so were set forth in an asset-purchase agreement. The details of how Applied Products promised to pay Mouw for these assets were set forth in a series of promissory notes. The parties closed their transaction under these terms (Dkt. No. 6 Exh. 1).

About a year later, however, the deal soured. In July 2010, Applied Products stopped making the monthly payments called for by one of its promissory notes. This decision to cease

payment was precipitated by Applied Products' frustration with business developments that allegedly revealed that Mouw had failed to comply with the terms of the asset-purchase agreement.

Mouw filed this action in October 2010, in the Superior Court of California for Alameda County. Applied Products removed the action to federal court about a month later. The operative complaint pleads four claims for relief — two claims for breach of contract, a claim for open book accounts, and a claim for accounts stated — all based on Applied Products' failure to make payments called for by the promissory notes it executed as part of the March 2009 deal (Dkt. No. 17). Applied Products has filed six counterclaims, all based on actions by Mouw that allegedly violated or frustrated the terms of the asset-purchase agreement.

This order follows full briefing on the motion to transfer.

## ANALYSIS

Applied products moves for transfer of venue pursuant to either 28 U.S.C. 1404(a) or 28 U.S.C. 1406(a). The motion is based on a forum-selection clause in the asset-purchase agreement. When a forum selection clause is the result of arm's-length negotiations by experienced businessmen, the clause should be enforced unless "the party seeking to escape his contract" shows "that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *M.S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17–18 (1972). The forum-selection clause in the asset-purchase agreement applies to this action, and Mouw has not carried the heavy burden of showing that enforcing it would be manifestly unfair, unjust, or unreasonable. Accordingly, the forum-selection clause will be enforced. *See ibid.*

The forum-selection clause in the asset-purchase agreement provides:

> The parties irrevocably consent to the exclusive jurisdiction of any federal district or state court in the State of Minnesota having subject matter jurisdiction in any suit, action, proceeding or other dispute arising under this Agreement and the parties waive any objection to the personal jurisdiction or venue as to such suit, action, proceeding or other dispute brought in such courts.

(Dkt. No. 6 Exh 1 at ¶ 8.7). Mouw argues that this forum-selection clause does not apply to the instant action, because this action is not one "arising under this Agreement." Specifically, Mouw

argues that the action arises under the promissory notes but not under the asset-purchase agreement itself, because he sued on only the promissory notes, and counterclaims based on the asset-purchase agreement may not be considered in the venue analysis. This argument does not withstand scrutiny of the explicit terms of the asset-purchase agreement.

In the paragraph immediately following the forum-selection paragraph, the asset-purchase agreement provides: "This Agreement *and the documents delivered in connection with this Agreement* constitute the entire agreement among the Parties" (*ibid.* at ¶ 8.8) (emphasis added). The promissory notes under which Mouw's complaint arises are "documents delivered in connection with" the agreement, because the agreement itself provided for and required their execution and delivery at the closing of the deal (*id.* ¶ 1.2). Thus, the promissory notes are part of the agreement, so Mouw's complaint based on the promissory notes arises under the agreement, and the forum-selection clause applies.

Having determined that the forum-selection clause in the asset-purchase agreement applies to the instant action, this order finds no reason why it should not be enforced. Mouw bears the burden of showing that enforcement would be "gravely difficult and inconvenient," but he has made no such showing. Mouw negotiated and agreed to the forum-selection provision of the asset-purchase agreement as a sophisticated businessman conducting an arm's length transaction. Before closing the deal, Mouw had the opportunity to consider how inconvenient it might be to litigate in Minnesota. Mouw made numerous changes to the terms of the draft asset-purchase agreement that Applied Products originally proposed, but he did not change the forum-selection clause. Mouw closed a deal with a Minnesota company after allegedly traveling to Minnesota to negotiate the deal, and Mouw has not identified any unusual circumstances that would make him effectively unable to litigate in Minnesota now that the deal has soured. Mouw emphasizes that many third-parties involved in the events giving rise to Applied Products' counterclaims are located in California. Even if some of these individuals are called as witnesses at trial, however, the relative inconvenience of producing them in Minnesota instead of California would not rise to the level of grave difficulty that would justify holding the forum-selection clause invalid.

This order finds that the forum-selection clause in the asset-purchase agreement applies to this action and that Mouw has not carried his burden of showing why it should not be enforced against him. Mouw therefore will be held to the terms of the deal he closed with Applied Products. The forum-selection clause provides for "exclusive jurisdiction" in Minnesota, so venue in California is improper. Pursuant to 28 U.S.C. 1406(a), transfer of this action to the United States District Court for the District of Minnesota is appropriate.

**CONCLUSION**

Defendant's motion to transfer venue is **GRANTED**. The clerk shall forward the file to the United States District Court for the District of Minnesota. The hearing set for February 3, 2011 is **VACATED**.

**IT IS SO ORDERED.**

Dated: January 24, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE